IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

IN RE

| | |
|---|---|
| DEONTAYE LORANZO HAMER ) | |
| SSN: xxx-xx-1383 ) | |
| PO BOX 78153 ) | |
| NASHVILLE, TN 37207 ) | |
| ) | |
| Debtor, ) | CHAPTER: 13 |
| ) | CASE NO.: 14-04593 |
| ) | |
| LIMITED AUTO SALES, INC. ) | JUDGE: MASHBURN |
| ) | |
| Creditor. ) | |

**THE DEADLINE FOR THIS RESONSE IS JUNE 22, 2015.**
**SINCE RESPONSE IS TIMELY FILED, THE HEARING WILL BE: July 8, 2015 at 8:30 a.m. in Courtroom 1, Customs House, 701 Broadway, Nashville, TN 37203**

### REPLY TO DEBTOR'S NOTICE OF MOTION TO SUSPEND CHAPTER 13 PLAN PAYMENTS AND TO MODIFY PLAN; AND MOTION TO ALLOW CREDITOR TO REPOSSESS FINANCED VEHICLE

Creditor, Limited Auto Sales, Inc. (hereinafter, "Creditor") contracted to sell Debtor, Deontaye Loranzo Hamer, a used 2006 Pontiac Grand Prix on March 6, 2014 for $5,068.65. The sale also included a finance agreement where Debtor was to pay Creditor $200.00 bi-weekly. After two payments Debtor stopped making payments and defaulted on the loan; moreover Debtor communicated to Creditor that Debtor wrecked and totaled the financed vehicle.

Respectfully submitted,

*/s/ Ayman R. Ayoub*
Ayman Ayoub, President
Limited Auto Sales, Inc.
123 Donelson Pike
Nashville, TN 37214

B10 (Official Form 10) (04/13)

| UNITED STATES BANKRUPTCY COURT  Middle District of Tennessee | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>DEONTAYE LORANZO HAMER<br>PO BOX 78153<br>NASHVILLE, TN 37207 | Case Number:<br>14-04593 | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>LIMITED AUTO SALES, INC. | |
|---|---|
| | **COURT USE ONLY** |
| Name and address where notices should be sent:<br>134 DONELSON PIKE<br>NASHVILLE, TN 37214<br><br>Telephone number: (615) 516-0900    email: OMAR@TNCPALAW.COM | ☐ Check this box if this claim amends a previously filed claim.<br><br>Court Claim Number:_____<br>(*If known*)<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number:      email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**      $_____4,748.65

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** CAR LOAN
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:**<br>  2  0  7  0 | **3a. Debtor may have scheduled account as:**<br><br>_____<br>(See instruction #3a) | **3b. Uniform Claim Identifier (optional):**<br><br>_ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _ _<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**

$_____

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Basis for perfection:** _____

**Value of Property: $**_____

**Amount of Secured Claim:**   $_____

**Annual Interest Rate**_____% ☐ Fixed  or  ☐ Variable
(when case was filed)

**Amount Unsecured:**       $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

| ☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B). | ☐ Wages, salaries, or commissions (up to $12,475*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4). | ☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5). | |
|---|---|---|---|
| | | | **Amount entitled to priority:** |
| ☐ Up to $2,775* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7). | ☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8). | ☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__). | $_____4,748.65 |

*Amounts are subject to adjustment on 4/01/16 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Case 3:14-bk-04593    Doc 52    Filed 06/22/15    Entered 06/22/15 16:47:52    Desc Main
              Document         Page 2 of 7

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, security agreements, or, in the case of a claim based on an open-end or revolving consumer credit agreement, a statement providing the information required by FRBP 3001(c)(3)(A). If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. If the claim is secured by the debtor's principal residence, the Mortgage Proof of Claim Attachment is being filed with this claim. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: AYMAN AYOUB
Title: PRESIDENT
Company: LIMITED AUTO SALES, INC
Address and telephone number (if different from notice address above):

(Signature)  06/22/2015 (Date)

Telephone number:   email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

### INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest and documents required by FRBP 3001(c) for claims based on an open-end or revolving consumer credit agreement or secured by a security interest in the debtor's principal residence. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

# Limited Auto Sales, INC.

134 Donelson Pike
Nashville TN 37214   615-391-4555

**BILL OF SALE; SALE CONTRACT; SECURITY AGREEMENT AND DISCLOSURE STATEMENT**

| Name | DEONTAYE L HAMER | | | (615) 524-2691 |
|---|---|---|---|---|
| Address | ~~400 E NOCTURNE DR~~ | ~~NASHVILLE~~ | TN | ~~37207~~ |

(hereinafter called "Buyer"), and __Limited Auto Sales, INC.__ hereinafter called "Seller" do hereby agree as follows: Seller sells to buyer, the goods described below, with all equipment now in or hereafter added to them, upon the terms stated below and buyer accepts delivery as of this date and has examined the goods and acknowledges the condition of the goods to be AS IS.

| Used | Year | Make | Model | Body Style | Odometer Reads | Vehicle Identification Number |
|---|---|---|---|---|---|---|
| USED | 2006 | PONTIAC | GRAND PRIX | GOLDEN | 181970 | 2G2WP552161132070 |

The above vehicle is guaranteed by SELLER to be free and clear of all liens and encumbrances and SELLER does not provide any type of insurance buyer agrees to purchase comprehensive insurance and furnish evidence to SELLER within 10 days.

Description of Trade-In:
Year            Make
VIN
Mileage on Trade-In
The above trade-in is guaranteed to be free and clear of all lines and encumbrances except:
_____

LIEN TO : Limited Auto Sales, INC.
Drive-out Tag No:
Buyer is to pay for license, sticker and title separately in cash As seller does not furnish these items.
Taxes, title fee, license fee, and any state inspection fee will be paid by Seller to government agencies. Documentary fee and deputy service fee will be retained by Seller and the seller may also retain parts of the insurance, service contracts, and other charges

| | |
|---|---:|
| (1) Price of Vehicle (+) | 5995.00 |
| (2) Trade-in Allowance (-) | 0.00 |
| (3) Trade Difference = | 5995.00 |
| (4) Sales Tax (+) | 419.65 |
| (5) Local Tax (+) | 44.00 |
| (6) Business + Special Taxes (+) | 44.00 |
| (7) Documentation Fee .... (+) | 150.00 |
| (8) Registration fee (+) | 0.00 |
| (9) Title Fee (+) | 16.00 |
| (10) Tag fee (+) | 0.00 |
| (11) Misc fee (+) | 0.00 |
| (12) Warranty fee (+) | 0.00 |
| (13) Adjustment .......... (+) | 0.00 |
| (14) Service fee (+) | 0.00 |
| (15) Amount Owed on Trade In ( + ) | 0.00 |
| (16) Finance Charge (+) | 1160.10 |
| (17) Cash Down ( - ) | 1000.00 |
| (18) Balance Due = | 6828.75 |

**BASIC INFORMATION ABOUT MY OBLIGATION (Federal Truth in Lending Disclosures)**   Stock# 13108

| APR<br>The cost of credit as a year rate | FINANCE CHARGE<br>The credit will cost me | Amount Financed<br>The amount of credit provided to me or my | Total of Payments<br>The amount I will have paid after I have made all payments | Total Sales Price<br>The total cost of my purchase on credit, including |
|---|---|---|---|---|
| 21% | 1160.10 | 5068.65 | 6828.75 | 7828.75 |

| My Payment schedule will be:<br>Pickup payments | Number of Payments | Amount of Payments | As Follows | When Payments Are Due |
|---|---|---|---|---|
| | 51 | 120 | Bi-Weekly | Start from 03/20/2014 |
| | Last Payment : | 108.75 | Number of Pickup Payments: 3 Totals: 600 | |

03/20/2014  200.00     04/03/2014  200.00     04/17/2014  200.00

Security: I am giving you a security interest in the property being bought
Late Charge: If a payment is late more than __1__ days, I will be charged $__10.00__ Every pay cycle late until the payment is satisfied
Prepayment : If pay off early, I may be entitled to refund of part of the finance charge

(SELLER) Limited Auto Sales, INC. ................................ Signature  *[signature]*
134 Donelson Pike Nashville TN 37214  615-391-4555

(BUYER) X Deontaye Hamer ................................ Signature *[signature]*
400 E. NOCTURNE DR  NASHVILLE TN 37207

(CO-BUYER) ................................ Signature

Finance agreement continues..

**WARRANTIES SELLER DISCLAIMS:** Unless the Seller makes a written warranty, or enters into a service contract within 90 days from the date of this Contract, the Seller makes no warranties, express or implied, on the Vehicle, and there will be no implied warranties of merchantability or fitness for a particular purpose. This provision does not affect any warranties covering the Vehicle that the Vehicle manufacturer may provide.

**VEHICLE INSURANCE:** You must insure yourself and us for the term of this Contract against loss of or damage to the Vehicle with a policy in the Buyer's name acceptable to us. You will maintain comprehensive fire, theft and collision coverage, insuring the Vehicle for at least the Vehicle's fair market value. You will name us as loss payee and provide whatever evidence of insurance we request. We must approve the type and amount of insurance. If you do not maintain the required insurance, and Vendor's Single Interest insurance for the Vehicle is not in effect, we may buy substantially similar coverage at your expense. We will add the cost of such insurance to your obligations due under this Contract. You agree to pay such costs either upon our demand or in installments, subject to a finance charge at the Annual Percentage Rate. The insurance we buy may, at our option, protect only our interest, or both your interest and ours. Insurance we buy may cost substantially more than insurance you buy. We will cancel the insurance we buy if you give us satisfactory proof of insurance. Whether or not the Vehicle is insured, you will pay us all you owe under this Contract even if the Vehicle is lost, damaged beyond repair, or destroyed. You must maintain the physical damage insurance required by this Contract during the period of such an extension. You may also extend the term of any optional insurance you bought with this Contract to cover the extension, if the insurance company or your insurance contract permits it and you pay the charge for extending such insurance. If you obtain a payment extension, be advised that you will pay additional finance charges at the Annual Percentage Rate on the amount extended during the extension period. You will also pay any additional insurance charges resulting from the extension.

**LATE CHARGES AND RETURNED CHECKS:** If we receive all or part of your payment late, you agree to pay us the charge for late payments shown in the TILA Box on the front of this Contract. You also agree to pay any costs we incur to collect any late payment, as allowed by law. If we accept a late payment, your default is not excused and you cannot keep making payments late. You agree to pay a charge equal to 6% of the amount of the check or $35, whichever is greater, plus the amount of any fees charged to us by a financial institution as a result of the instrument not being honored, for any check or other instrument you give us that is unpaid for any reason, when we make demand for payment of the check.

**PAYMENTS:** You jointly and severally agree to make all payments when they are due according to the Payment Schedule shown in the front of this Contract. You may prepay this Contract at any time without penalty. You may ask for an extension of the scheduled due date of all or any part of a payment. If we agree to your request, we may charge you a $20 extension fee. If you prepay this contract in full, you will be entitled to a refund of the unearned portion of the Finance Charges. If the term of this contract is 60 months or less, any refund to which you are entitled will be computed by using the rule of 78s. If the term of this contract is more than 60 months, any refund to which you are entitled will be computed using the actuarial method.

**FINANCE CHARGES:** The Finance Charges in this Contract is total cost of borrowing, including interest charges, commitment fees, and other charges paid by the borrower(Buyer) for availing the car loan facility. Upon or after assignment of this Contract.

**DEFAULT:** You will be in default if you do not make a payment in full when such payment is due. You will be in default if you gave false or misleading information on your application relating to this Contract. You will be in default if you file a bankruptcy petition or if one is filed against you. You will be in default if the Vehicle is lost, damaged beyond repair, or destroyed. You will be in default if you do not keep any other agreement in this Contract.

If you are in default, we may require you to pay at once the unpaid balance of the Amount Financed, the earned and unpaid part of the Finance Charge and all other amounts due under this Contract. We may take back (repossess) the Vehicle. We may also take items of personal property found in the Vehicle when we take back the Vehicle and hold them for you. If you do not claim them within the time required by law, we will dispose of them in a commercially reasonable manner.

If we repossess the Vehicle, you may be required to pay our actual costs of taking and storing the Vehicle to the extent such charges are permitted by law. If you owe us a deficiency, you may be charged interest at the Annual Percentage Rate or the highest lawful rate until you pay us all that you owe. If your vehicle has an electronic tracking device, you agree that we may use the device to find the vehicle. We can, without notice, delay enforcing our rights or exercise only part of them without losing them, waive a right we have without waiving it for subsequent opportunities to exercise that right, and waive a right we have as to one Buyer without waiving it as to the other(s). Any change in this contract must be written and signed by you and us. The law of the state of the Seller's place of business shown in this Contract applies to this Contract. If that law does not allow all the agreements in this Contract, the ones that are not allowed will be void. The rest of this Contract will still be good.

**ACKNOWLEDGEMENT OF PURCHASE OF VEHICLE CONTAINING PAST DUE STARTER INTERRUPT AS CONDITION OF SALE:** Buyer understands that there may be a payment guarantee device installed on the Vehicle as a condition of sale. Buyer understands that if he/she does not make all payments as required under this Contract, **THIS DEVICE WILL PREVENT THE VEHICLE FROM BEING STARTED.** Buyer agrees to sign all disclosure forms attached, and further understands and agrees that these forms are a part of this Contract and are incorporated herein as though fully set forth. Used motor vehicle buyers guide is part of this contract

Seller assigns its interest in this contract to

(SELLER) ...... Jose Junion ...... Signature ...... Jose Junion ......

(Assignee) under the terms of Seller's agreement(s) with Assignee.

(BUYER) X Deoulaye Hamel ...... Signature X ......

Page 2 of 2

## PMOTOR VEHICLE INSTALLMENT (Sales Contract Continuance)
## REPOSSESSION AGREEMENT

03/06/2014

| Seller (Dealer) | Buyer |
|---|---|
| Limited Auto Sales, INC.<br>134 Donelson Pike<br>Nashville TN 37214 | DEONTAYE L HAMER<br>4XX E NOCTURNE DR NASHVILLE<br>TN 37207<br>XXXXXXX |

| Stock# | Year | Make | Model | VIN | Mileage |
|---|---|---|---|---|---|
| 13108 | 2006 | PONTIAC | GRAND PRIX | 2G2WP552161132070 | 181970 |

THE BUYER(S), AS STATED ABOVE, HEREBY STATES AND AGREES THAT THE SELLER (DEALER), AS STATED ABOVE, OR THEIR DESIGNATED REPRESENTATIVE, MAY AT ANYTIME I AM IN DEFAULT UNDER THE CONDITIONAL SALES CONTRACT RELATING TO THE ABOVE DESCRIBED VEHICLE REPOSSESS SAME WITH MY FULL PERMISSION AND COOPERATION, AND WITHOUT ANY PRIOR NOTICE TO ME.

_____  X_____
SELLER'S (DEALER) SIGNATURE       BUYER(S) SIGNATURE

_____    3-6-14
WITNESS                          DATE

# Limited Auto Sales

Buy Sell Trade In Financing   Office: (615) 391-4355
Nashville, TN. 37214   Fax (615) 391-0645

## CUSTOMER INFORMATION STATEMENT

☐ APPLICANT   ☐ CO-APPLICANT

| NAME-FIRST | Middle | Last | Social Sec # | Birth Date |
|---|---|---|---|---|
| Deontaye | L | Hamer | -735- | 6-17-1982 |

Address - Street: 400 East Nocturne dr
Home Phone: 615-504-7691
☐ Single  ☑ Married

City: Nashville  County: Davidson  ST: TN  Zip: 37207
Yrs ___ Mos ___   Rent ☐ Own ☐ Other ☑  Monthly Pay. $

Landlord Name / Address / City / ST / Zip / Ph.

[employer and reference fields redacted]

| Bank | Checking | Savings | Other Income | Amount $ | Mo ☐ Yr ☐ |

Last Car Financed At ___ Phone # ___ Trade In ___ Pay-Off ___

Credit Reference ___
Credit Reference ___

[Relative / Personal references redacted]

APPLICANT / CO-APPLICANT: [signature]   DATE: ___

### DEALER USE

| Vehicle Information | | Price - Payment Information | |
|---|---|---|---|
| Year | Make | Book Value or Invoice | $ |
| Model | Style | Value Adds | + |
| Miles | Engine | Subtotal | $ |
| Vin # | | Cash Down | $ |
| Options A/C — AUTO — P/W — P.S — P/L — | | Trade Equity | $ |
| Tilt — Sunroof — Cruise — Alloys — ABS — | | Res / Advance | $ |
| Tape — CD — Leather — Other ___ | | Mos / Rate / Payment | $ |